IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**REBECCA COLLINS, Individually and of**      **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.      Case No. 5:19-cv-713

**MISSION ROAD MINISTRIES**      **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Rebecca Collins ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint – Collective Action against Defendant Mission Road Ministries ("Defendant"), states and alleges as follows:

### I. INTRODUCTION

1. This is a collective action bought by Plaintiff, individually and on behalf of other service specialists employed by Defendant at any time within a three-year period preceding the filing hereof.

2. Plaintiff, on behalf of herself and all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and all others similarly situated overtime

compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

## II.   JURISDICTION

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. The acts alleged in this Complaint had their principal effect within the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

7. Plaintiff is an individual and resident of the State of Texas.

8. Plaintiff was employed by Defendant as a Service Specialist within the three (3) years preceding the filing of this Original Complaint.

9. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*

10. Defendant is a domestic, nonprofit corporation.

11. Defendant's agent for service of process is Toby Summers, 8706 Mission Road, San Antonio, Texas 78214.

12. At all relevant times, Defendant had employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

13. At all relevant times herein, Defendant directly hired Plaintiff to work in its center, paid her an hourly wage, controlled her work schedule, duties, protocols, applications, assignments and employment conditions and kept at least some records of her regarding her employment.

14. At all relevant times, Defendant continuously employed at least four (4) employees.

15. At all relevant times, Defendant's gross volume of sales made or business done has exceeded $500,000.00 per year.

### IV.   FACTUAL ALLEGATIONS

16. Plaintiff repeat and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. Defendant owns and operates a center that assists children and adults with intellectual and other developmental disabilities in residential, day activity services and vocational programs.

13. To provide this service, Defendants operates several facilities in the San Antonio area, including the Unicorn Center, a vocational training center for adults, where Plaintiff worked, as well as 20 community homes, 3 apartment

complexes, and a main campus with on-site housing facilities for adults and children with special needs.

14. At each location, Defendant employs service specialists, such as Plaintiff, who each work with 15-20 of Defendant's special needs patients.

15. Plaintiff's and other Service Specialists' job duties included, but were not limited to, providing vocational and life skills training to special needs patients throughout the day, as well as completing paperwork related to those patients.

16. Plaintiff and other Service Specialists were required to complete paperwork for each patient they worked with every day. Plaintiff and other Service Specialists received reprimands and were "written up" if their paperwork was not completed when required.

17. Early in her employment, due to the amount of paperwork Plaintiff and other Service Specialists were required to complete each day, Plaintiff and other Service Specialists made a habit of arriving at least 30 minutes early for their shifts and staying at least 30 minutes after their shifts were over in order to complete their paperwork while on the clock.

18. Later, Defendant created a policy disallowing Plaintiff and other Service Specialists from arriving prior to when their shift started or staying after their shift ended, but nevertheless required the same amount of paperwork to be completed each day.

19. Plaintiff and other Service Specialists routinely complete paperwork after-hours at home.

20. Plaintiff and other Service Specialists recorded their hours worked via a computer time clock with their fingerprints, which logged their hours into a payroll system maintained by Defendant.

21. Plaintiff's and other Service Specialists' after-hours work is not recorded on Defendant's time clock.

22. As a result, Defendant failed to accurately record all of the time worked off the clock by Plaintiff and other Service Specialists and failed to properly compensate all of their off the clock hours.

23. As such, there was a disparity between Defendant's records and Plaintiff's and other Service Specialists' actual hours worked.

24. Upon information and belief, all Service Specialists across all of Defendant's locations are required to follow Defendant's policies and practices regarding recording time.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

25. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

26. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated Service Specialists at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week; and

B.   Liquidated damages;

C.   The costs of this action, including attorney's fees.

27.   In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed her Consent to Join this lawsuit.

28.   The relevant time period dates back three years from the date on which the Complaint was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

29.   The proposed collective of opt-in Plaintiff in this case is defined as all persons who meet the following requirements:

A.   They were employed by Defendant as Service Specialists.

B.   They were required to perform work off the clock and denied the proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

30.   Plaintiff is unable to state the exact number of the collective but believe that the collective is not less than one hundred (100) persons.

31.   Defendant can readily identify the members of the Section 16(b) collective, which encompasses all Service Specialists.

32.   The names and physical and mailing addresses of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via text message, first class mail or email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claims, and posting at the facility.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

33.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

35.    At all relevant times, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

36.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

37.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

38.    Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA when Plaintiff worked as Service Specialist.

39.    Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff one and one-half (1.5) times her regular rate of pay for all hours worked over forty (40) in each one-week period.

40.    Defendant's failure to pay Plaintiff all wages owed was willful.

41. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

42. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

43. Plaintiff, individually and on behalf of all others similarly situated, assert this claim for damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

44. At all relevant times, Defendant has been an "employer" of Plaintiff and all others similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

45. Defendant classified Plaintiff and all others similarly situated as non-exempt from the overtime requirements of the FLSA when they worked as Service Specialists for Defendant.

46. Despite the entitlement of Plaintiff and the others to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5 times their regular rates of pay for all hours worked over forty (40) in each one-week period.

47. Because these employees are similarly situated to Plaintiff, and are owed wages for the same reasons, the proposed collective is properly defined in three separate categories as follows:

**All Service Specialists employed within the
three (3) years preceding the filing of this Complaint.**

48. Defendant willfully failed to pay all wages to Plaintiff and all others similarly situated.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the others for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of Original Complaint.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Rebecca Collins, individually and on behalf all others similarly situated, respectfully prays that Defendant be summoned to appear and answer herein and for declaratory relief and damages as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid minimum wage and overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

F.	Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wages and overtime compensation owed to Plaintiff and the collective members during the applicable statutory period;

G.	An order directing Defendant to pay Plaintiff and collective members pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

H.	Such other and further relief as this Court may deem necessary, just and proper.

      Respectfully submitted,

      **REBECCA COLLINS, Individually and On Behalf of All Others Similarly Situated, PLAINTIFF**

      SANFORD LAW FIRM, PLLC
      One Financial Center
      650 South Shackleford Road, Suite 411
      Little Rock, Arkansas 72211
      Telephone: (501) 221-0088
      Facsimile: (888) 787-2040

      */s/ Josh Sanford*
      Josh Sanford
      Tex. Bar No. 24077858
      josh@sanfordlawfirm.com