IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REBECCA COLLINS, INDIVIDUALLY AND OF BEHALF OF ALL OTHERS SIMILARLY SITUATED; | § § § § | SA-19-CV-00713-FB |
| *Plaintiff,* | § § § | |
| vs. | § § | |
| MISSION ROAD MINISTRIES, | § § § | |
| *Defendant.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action are the following three motions: Plaintiff's Motion for Approval and Distribution of Notice and for Disclosure of Contact Information [#11], Plaintiff's Motion for Conditional Certification of Collective Action [#12], and Defendant's Motion to Strike and Objections to Plaintiff's Evidence Supporting Plaintiff's Motion for Approval and Distribution of Notice and for Disclosure of Contact Information and Objections to Evidence [#19].  This case has been referred to the undersigned for all pretrial proceedings [#13], and therefore the undersigned has jurisdiction to issue this Order pursuant to 28 U.S.C. § 636(b)(1)(A).  The Court held a hearing on the motions on April 17, 2020, at which both Plaintiff and Defendant appeared through counsel.  At the close of the hearing, the Court orally denied Plaintiff's motions for conditional certification and notice without prejudice to refiling the motions with further evidentiary support for the reasons stated on the record during the hearing and summarized briefly below.

This case is a putative collective action seeking overtime compensation arising under the Fair Labor Standards Act ("FLSA") against Mission Road Ministries, an entity owning and operating vocational training centers, community homes, apartment complexes, and a main

1

campus with on-site housing that assist children and adults with intellectual and other developmental disabilities. Plaintiff worked at one such center as a Service Specialist.

Plaintiff alleges that as a Service Specialist, she worked with 15-20 special needs adults, providing vocational and life skills training and was required to complete paperwork related to her patients. Plaintiff alleges she originally managed this paperwork by arriving 30 minutes early and staying 30 minutes after her shifts to complete the paperwork, while on the clock. Plaintiff claims that Defendant later created a policy prohibiting Plaintiff and other Service Specialists from arriving early or staying late to do paperwork while clocked in, and therefore the only way to complete the paperwork was to complete it at home, but Defendant did not compensate Plaintiff and others for this work in violation of the FLSA.

Plaintiff seeks to conditionally certify a class of "All Service Specialists for Defendant since June 19, 2016." Plaintiff alleges that she was the victim of a company-wide practice of not paying Service Specialists for all hours worked.

To be entitled to conditional certification Plaintiffs must satisfy the lenient standard for certification under *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), which has been adopted by the majority of courts in the Fifth Circuit. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Tolentino v. C & J Spec-Rent Servs., Inc.,* 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010) (collecting cases). To satisfy the *Lusardi* standard, a plaintiff must put forth "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 & n.8 (5th Cir. 1995), *overruled in part on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). In making this determination, courts consider such factors as whether "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved

individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt into the lawsuit." *Tolentino*, 716 F. Supp. 2d at 647 (internal citations omitted).  However, not all courts have embraced the third requirement of *Lusardi*.  *See, e.g.*, *Villareal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010).

The only evidence offered in support of her motion is Plaintiff's declaration [#12-1], which fails to establish that the proposed class of all Service Specialists, regardless of location worked, is similarly situated to Plaintiff with respect to the claims and defenses asserted in this lawsuit.  Plaintiff's declaration states that Defendant's most recent policy was to prohibit its Service Specialists from arriving early and staying late after their scheduled shift to complete paperwork while still on the clock.  (Collins Decl. [#12-1] at ¶ 11.)  Plaintiff states that this policy left her "no other choice but to complete the required paperwork at home."  (*Id.* at ¶ 12.)  Plaintiff further states that "Defendant communicated . . . that if Service Specialists wanted to complete paperwork at home, then that was [their] decision and not Defendant's."  (*Id.* at ¶ 13.)

Plaintiff's declaration does not establish that all Service Specialists were subject to a common policy or plan to deny them overtime compensation.  Rather, the declaration merely establishes that Defendant had a policy requiring workers to complete their paperwork during their scheduled shifts and that some unidentified individual, purportedly on behalf of Defendant, told Plaintiff it was her decision whether or not to complete her work at home off-the-clock.  The Court is unwilling to infer from these statements that Defendant has a pattern or practice of not properly compensating any Service Specialists for paperwork they perform outside their scheduled shifts.  The affidavit makes vague, general allegations about what others may have been told or how they may have been affected, but there are not substantial allegations that there

3

is a group of individuals subject to similar improper pay practices. The Court will permit Plaintiff, however, to refile the motion later with more evidentiary support.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Approval and Distribution of Notice and for Disclosure of Contact Information [#11] and Plaintiff's Motion for Conditional Certification of Collective Action [#12] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike and Objections to Plaintiff's Evidence Supporting Plaintiff's Motion for Approval and Distribution of Notice and for Disclosure of Contact Information and Objections to Evidence [#19] is **DISMISSED AS MOOT**.

SIGNED this 21st day of April, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE